UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-61329-Civ-COHN
MAGISTRATE JUDGE P.A. WHITE

RICARDO BRYAN ,                    :

    Petitioner,            :

v.                                 :        REPORT OF
                                            MAGISTRATE JUDGE
WALTER A. McNEIL,                  :

    Respondent.            :
_____

## I. Introduction

Ricardo Bryan, who is presently confined at Apalachee Correctional Institution in Sneads, Florida, has filed a *pro se* petition for writ of habeas corpus pursuant to Title 28, Section 2254, attacking his conviction and sentence in case number 02-2428, entered in the Seventeenth Judicial Circuit Court for Broward County.

This cause has been referred to the undersigned for consideration and report pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8 and 10 of the Rules Governing Section 2254 Cases in the United States District Courts.

The Court has before it the petition for writ of habeas corpus (DE# 1), Bryan's memorandum on limitations (DE# 10), the Respondent's response to an order to show cause and appendixes of exhibits (DE# 11, 13, 17), and Bryan's reply (DE# 16).

Construing the *pro se* movant's arguments liberally, Haines v. Kerner, 404 U.S. 519 (1972), he appears to raise the following claims in his Section 2254 petition (renumbered):

1

1.  The court and State violated due process and equal protection by dismissing Petitioner's Rule 3.850 motion without reaching the merits and sanctioning him;

2.  Counsel was ineffective for failing to raise specific arguments in a motion for judgment of acquittal;

3.  Counsel's misadvice that there was a sufficient factual basis to support a stalking charge rendered the guilty plea involuntary;

4.  Counsel was ineffective for failing to call Sam Brown, Victoria Feria, Petronia Byrd and Ms. Goodrum at trial;

5.  (A) The trial court abused its discretion by denying counsel's request for an instruction on the common-law right to resist an unlawful arrest , (B) counsel was ineffective for failing to object when the court stated the illegality of the arrest was irrelevant, (C) trial counsel was ineffective for failing to introduce evidence of officer bias (internal affairs complaint regarding DePetro, Alexander's prior threat to arrest), (D) trial counsel was ineffective for failing to introduce a map to impeach Clyde's testimony about where she was assaulted, (E) trial counsel was ineffective for moving to exclude testimony about a restraining order which put the case in context and revealed officer bias, (F) trial counsel was ineffective for failing to impeach DePetro with a pre-trial statement regarding Bryan's speed;

6.  (A) Counsel was ineffective for failing to object and impeach the State witnesses' perjury, and (B)

2

the prosecutor committed misconduct for knowingly presenting perjured testimony;

7.  Counsel was ineffective for failing to object to the enhancement of the Petitioner's sentence because: (A) the State failed to prove Bryan had the requisite predicate conviction at trial, (B) retroactive application of a Florida sentencing statute violated the Ex Post Facto Clause; (C) it constituted cruel and unusual punishment; (D) it violates federal due process; and (E) exceeds the statutory maximum.

8.  Counsel was ineffective for having an actual conflict of interest;

9.  Counsel was ineffective for failing to object when the court failed to obtain and consider a presentence investigation prior to sentencing; and

10. Cumulative errors deprived the Petitioner a fair trial.

(DE# 1).

He seeks an evidentiary hearing and vacation of his convictions.

## II. Procedural History

Bryan was charged with: Count (1), aggravated battery; Count (2), aggravated fleeing and eluding; Counts (3)-(4), aggravated assault on a law enforcement officer; Counts (5)-(6), leaving the scene of a crash with injuries; Count (7), stalking; and Count (8), misdemeanor leaving the scene of a crash. (DE# 13 at 8). He entered an open plea of nolo contendere to Counts (7) and (8), and was tried on the remaining charges. (DE# 13 at 13). A jury found him not guilty of Count (1), and guilty of Counts (2)-(5). (DE# 13 at

3

18). Bryan filed a *pro se* motion to withdraw plea arguing his plea was involuntary. (DE# 13 at 38). The court denied the motion to withdraw, adjudicated him guilty of the appropriate counts and imposed thirty years for Counts (2)-(4), and ten years for Count (5), concurrent, as a habitual felony offender. (DE# 13 at 24, 26); (13-5 at 74).

He raised the following issues on direct appeal: (1) the trial court erred by excluding testimony that officers attempted to illegally arrest Bryan for violating a restraining order, and the officers' overreaction resulted in a high-speed chase; (2) the court erred by refusing to give the proposed jury instruction on the common law right to resist and unlawful arrest; (3) the conviction for aggravated assault of a law enforcement officer (Count 4) is improper because DePetro was not acting as a law enforcement officer engaged in the lawful performance of his duties at the relevant time; (4) the court's acceptance of Bryan's plea of no contest to leaving the scene of a crash (Count 8) barred his conviction and sentence for leaving the scene of the crash (Count 5); and (5) the habitual offender sentences are illegal because (A) they exceed the statutory maximum (B) the State's notice did not comply with Florida law, (C) the State did not charge the facts supporting sentence enhancement or prove them to the jury or judge beyond a reasonable doubt. (DE# 17-1 at 3). The Fourth District Court of Appeal *per curiam* affirmed. <u>Bryan v. State</u>, 913 So. 2d 608 (Fla. 4th DCA 2005) (4D03-1232). The mandate issued on November 18, 2005.[1]

On April 14, 2004, Bryan filed a Rule 3.800 motion to correct

---

[1] The Court takes judicial notice of the records maintained by the clerk of the Fourth District Court of Appeal pertaining to Bryan located at http://199.242.69.70/pls/ds/ds_docket. Fed. R. Ev. 201.

sentence through counsel arguing the trial court violated his rights to due process, a jury, and notice by failing to have a jury find he was a habitual offender beyond a reasonable doubt. (DE# 13 at 41). The court summarily denied relief on the merits (rendered May 20, 2004). (DE# 13 at 49); see (DE# 13 at 45).

Bryan filed a second Rule 3.800 motion through counsel on or about October 1, 2004, arguing the State's notice of intent to seek a habitual offender sentence was insufficient and that a non-habitual offender sentence should be imposed for the aggravated battery charge. (DE# 13 at 51).

On or about July 6, 2006, Bryan filed a *pro se* Rule 3.850 motion for post-conviction relief in which he appears to argue (renumbered): (1) the charging document failed to provide adequate notice of the charged offenses and the jury instructions exacerbated the error and violated of due process and double jeopardy; (2) counsel was ineffective for failing to object and move for judgment of acquittal due to the charging and jury instruction error; (3) counsel was ineffective for failing to seek judgment of acquittal due to insufficient evidence and the State's failure to rebut Bryan's reasonable hypothesis of innocence; (4) counsel was ineffective for failing to introduce exculpatory evidence; (5) counsel was ineffective for failing to impeach the State's witnesses; (6) counsel was ineffective for failing to object to inconsistent verdicts; (7) counsel was ineffective for allowing Bryan to plead guilty to a crime he did not commit, resulting in an involuntary plea; (8) counsel was ineffective for failing to object to the State's knowing presentation of false evidence; (9) counsel was ineffective for failing to request applicable jury instructions and adequately communicate with Bryan regarding the same; (10) counsel was ineffective for failing to

address shackles and cuffs; (11) counsel was ineffective for failing to object to illegal sentence enhancement where the court relied on inadequate priors and failed to consider a pre-sentence investigation; (12) counsel was ineffective for failing to investigate, depose, and call witnesses; (13) counsel labored under a conflict of interest; and (14) cumulative errors deprived Bryan a fair trial. (DE# 13 at 55).

In his first amended Rule 3.850 motion filed September 10, 2006, Bryan re-raised variations on the grounds raised in his first Rule 3.850 motion. He also raised the following new grounds (renumbered): (15) counsel was ineffective for advising Bryan to testify even though it opened the door to impeachment and violating a court ruling, and failing to move for mistrial; (16) counsel was ineffective for preventing Bryan from testifying regarding his earlier contacts with the officers resulting in an internal affairs complaint, illustrating their bias against him; (17) counsel was ineffective for failing to object to the trial court's lack of neutrality; and (18) counsel was ineffective for moving to exclude relevant evidence. (DE# 13-1 at 6). On November 28, 2006, Bryan filed a Second Amended motion for Rule 3.850 post-conviction relief, in which he basically re-states the grounds previously alleged. (DE# 13-6 at 2). On April 30, 2007, he filed an amendment to the retroactivity/ ex post facto sentencing claim.[2] (DE# 13-6 at 64). On May 1, 2007, he filed a ninety-page Fourth Amended motion for post-conviction relief which basically re-alleges the grounds previously raised. (DE# 13-6 at 72).

On September 12, 2007, the trial court found the repeated

---

[2] In the April 30, 2007, amendment, Bryan refers to a "Third Amended Motion" he allegedly filed on February 21, 2007. The docket sheet reflects no such pleading. (DE# 13-5 at 34).

lengthy amended filings to be abusive. It ordered Bryan to: (a) show cause why his motion and its various amendments should not be dismissed for abuse of the reasonable page limit, or (b) file an amended motion of a reasonable length (not more than fifty pages) within sixty days. (DE# 13-7 at 85).

On October 23, 2007, Bryan filed a 115-page Response/Fifth Amended Rule 3.850 motion stating he is unable to comply with the fifty-page limit. He re-raised many of his previous grounds and also argued: (19) counsel was ineffective for failing to object when the State amended the information at trial; and (20) counsel was ineffective for failing to object when the judge incorrectly instructed the jury that the legality of Bryan's arrest was irrelevant. (DE# 13-2 at 2). On December 21, 2007, the court dismissed the Response/Fifth Amended motion because it failed to either (a) show cause why his Fourth Amended motion should not be dismissed for abuse of the reasonable page limit requirement, or (b) state his claims in an amended of not more than fifty pages. (DE# 13-3 at 43). The court cautioned Bryan that "any further such filings may place his *pro se* filing abilities in jeopardy." The Fourth District *per curiam* affirmed without requiring an appearance from the State. Bryan v. State, 984 So. 2d 1261 (Fla. 4th DCA 2008) (4D08-350). The mandate issued on July 18, 2008. (DE# 13-3 at 46).

While the foregoing was transpiring in the trial court, Bryan filed a petition for writ of mandamus on July 19, 2007, in which he sought to compel the trial court to rule on his September 10, 2006, Rule 3.850 motion. (DE# 17-3 at 21). The State filed a response explaining any delay in the trial court's ruling was due to Bryan's repeated filing of amended motions. (DE# 17-3 at 25). On November 29, 2007, the Fourth District denied mandamus on the merits because the trial court had not unreasonably delayed ruling on Bryan's

motion which had, at that point, been amended five times. (DE# 17-3 at 52)(4D07-2848).

On January 17, 2008, Bryan filed a notice of appeal which the Fourth District treated as a petition for writ of prohibition, arguing the trial court lacked jurisdiction to deny his Fifth Amended Rule 3.850 motion because an appeal on his motion to disqualify the trial judge was pending when the court rendered its order. (DE# 17-3 at 54, 60). He filed a second petition on February 3, 2008. (17-3 at 61). He filed an amended petition on March 5, 2008, arguing Judges Gardiner and Holmes should be prevented from presiding over his case because the court: (1) issued Bryan a show cause order; (2) denied his motion to disqualify because he had failed to serve the motion on the court; (3) denied the Fifth Amended motion after the court was divested of jurisdiction by a pending appeal; and (4) violated Bryan's due process right under the Fifth and Fourteenth Amendments by dismissing his Rule 3.850 motion without any further avenue to attack his convictions and sentences. (DE# 17-3 at 66). On June 12, 2008, the Fourth District dismissed the first two petitions as moot and denied the amended petition on the merits. (DE# 17-3 at 75)(4D08-210).

On May 26, 2008, Bryan filed a Petition for Writ of Habeas Corpus and/or Sixth Amended Motion for Post-Conviction Relief in which he again raises multiple claims of ineffective assistance of counsel. (DE# 13-3 at 48). The court dismissed his petition on July 18, 2008, because it was successive and time-barred, and ordered him to show cause why he should not be barred from further *pro se* filings.(DE# 13-4 at 14). On July 15, 2009, the court rejected Bryan's response to the order to show cause and motion for rehearing but did not bar him from making any future *pro se* filings. (DE# 13-4 at 49). The Fourth District *per curiam* affirmed.

8

Bryan v. State, 36 So. 3d 683 (Fla. 4th DCA 2010)(DE# 4D09-3722). The mandate issued on June 25, 2010. (DE# 13-4 at 51).

On July 20, 2008, Bryan filed a Rule 3.800 motion to correct an illegal sentence arguing: (1) he does not qualify as a habitual offender; (2) Section 775.084, Florida Statutes, was improperly retroactively applied to him; and (3) the court improperly sentenced him based on inconsistent verdicts and double jeopardy violations. (DE# 13-4 at 17). The court denied relief on November 5, 2009, as legally insufficient and ordered Bryan to show cause within sixty days why he should not be barred from future *pro se* filings. (DE# 13-5 at 26); see (DE# 13-4 at 26). The Fourth District *per curiam affirmed* without requiring an appearance from the State. Bryan v. State, 36 So. 3d 683 (Fla. 4th DCA 2010) (4D10-576). The mandate issued June 25, 2010 (DE# 13-5 at 29).

Bryan filed a petition for writ of mandamus on January 28, 2009, in which he sought to compel the trial court to rule on his Rule 3.800(a) motion which was being held in abeyance, and his "motion for rehearing/response." (DE# 17-4 at 2). The Fourth District dismissed mandamus as moot on December 15, 2009, because Bryan failed to establish he had ever filed the "motion for rehearing/response," and the court had ruled on his pending Rule 3.850 motion. (DE# 17-4 at 26, 36, 47) (4D09-349).

Bryan filed a Seventh Amended Motion for Post-Conviction Relief on October 12, 2009. (DE# 13-4 at 53). The court denied the motion on December 2, 2009, as successive and reserved ruling on the State's request that Bryan be barred from future *pro se* filings. (DE# 13-5 at 22); see (DE# 13-5 at 8). The Fourth District *per curiam* affirmed without requiring an appearance from the State. Bryan v. State, 36 So. 3d 683 (Fla. 4th DCA 2010) (4D10-577). The

9

mandate issued on June 25, 2010.(DE# 13-5 at 24).

Bryan filed the instant petition on July 26, 2010.[3]

### III. Statute of Limitations

The Respondent concedes the instant petition was timely filed.

### IV. Exhaustion & Procedural Default

A procedural default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. <u>Bailey v. Nagle</u>, 172 F.3d 1299, 1302-03 (11th Cir. 1999).

In the first instance, procedural default arises when "the state court correctly applies a procedural default principle of state law to arrive at the conclusion that the petitioner's federal claims are barred." <u>Bailey</u>, 172 F.3d at 1302-03. The claim must have been presented in state court and rejected on the independent and adequate state ground of procedural bar. <u>Coleman v. Thompson</u>, 501 U.S. 722, 734-35 and n. 1 (1991). A three-part test enables the Court to determine when a state court's procedural ruling constitutes an independent and adequate state rule of decision. First, the last state court rendering judgment must have clearly and expressly stated that its judgment rested on a procedural bar. <u>Ward v. Hall</u>, 592 F.3d 1144, 1156 (11th Cir. 2010). In Florida, a District Court of Appeal's *per curiam* affirmance of a circuit

---

[3] The Eleventh Circuit recognizes the "mailbox" rule in connection with the filing of a prisoner's petition for writ of habeas corpus. <u>Adams v. United States</u>, 173 F.3d 1339 (11th Cir. 1999) (prisoner's pleading is deemed filed when executed and delivered to prison authorities for mailing).

court's ruling explicitly based on procedural default "is a clear and express statement of its reliance on an independent and adequate state ground which bars consideration by the federal courts." Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990). Second, the state court's decision must rest entirely on state law grounds and not be intertwined with an interpretation of federal law. Ward, 592 F.3d at 1157. Third, the state procedural rule must be adequate, i.e., firmly established and regularly followed and not applied in an "arbitrary or unprecedented fashion." Judd v. Haley, 250 F.3d 1308, 1313 (11th Cir. 2001); Ward, 592 F.3d at 1157.

In the second instance, the federal court must determine whether any future attempt to exhaust state remedies would be futile under the state's procedural default doctrine. Bailey, 172 F.3d at 1303.

When presented with a "mixed" petition raising both exhausted and unexhausted claims, the district court ordinarily must dismiss the petition, "leaving the prisoner with the choice of returning to state court to exhaust his claims or of amending or resubmitting the habeas petition to present only exhausted claims to the district court." Kelley v. Sec'y, Dep't of Corr., 377 F.3d 1317, 1351 (11th Cir. 2004). In extraordinary cases, the district court has discretion to grant a stay to allow the petitioner to exhaust the unexhausted claim. Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (stay and abeyance is available in limited circumstances, only if (1) the petitioner had "good cause" for failing to exhaust the claims in state court, (2) the unexhausted claims are "potentially meritorious," and (3) "there is no indication that the petitioner engaged in intentionally dilatory litigation tactics."). However, "when it is obvious that the unexhausted claims would be

procedurally barred in state court due to a state-law procedural default, [the district court] can forego the needless 'judicial ping-pong' and just treat those claims now barred by state law as no basis for federal habeas relief." Kelley, 377 F.3d at 1351.

A petitioner can avoid the application of procedural default by establishing objective cause for failing to properly raise the claim in state court and actual prejudice from the alleged constitutional violation. Spencer v. Sec'y, Dep't of Corr., 609 F.3d 1170, 1179-80 (11th Cir. 2010). To show cause, a petitioner "must demonstrate that some objective factor external to the defense impeded the effort to raise the claim properly in state court." Wright v. Hopper, 169 F.3d 695, 703 (11th Cir. 1999); see also Murray v. Carrier, 477 U.S. 478 (1986). To show prejudice, a petitioner must demonstrate there is a reasonable probability the outcome of the proceeding would have been different. See Crawford v. Head, 311 F.3d 1288, 1327-28 (11th Cir. 2002).

Another avenue for considering the merits of procedurally defaulted claims exists even if a petitioner is unable to show cause and prejudice. "[I]n an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant the writ even in the absence of a showing of cause for the procedural default." Carrier, 477 U.S. at 496. This exception is "exceedingly narrow in scope" and requires proof of actual innocence, not just legal innocence. Carrier, 477 U.S. at 496; Ward, 592 F.3d at 1157; Spencer, 609 F.3d at 1180.

The Respondent contends all Bryan's claims are unexhausted because he raised them in his Rule 3.850 motions which the State courts rejected on procedural grounds. The undersigned agrees with

the exception of portions of Claims (1) and (5).

In Claim (1), Bryan argues the trial court and prosecution violated due process and equal protection by dismissing his Rule 3.850 motion without reaching its merits and sanctioning him. Bryan raised a portion of this claim in State court in his March 5, 2008, amended petition for writ of prohibition. Specifically, he argued the trial court violated federal due process by dismissing his Rule 3.850 motion without considering it on the merits. Assuming *arguendo* the petition for writ of prohibition was capable of exhausting this claim, it would be denied for the reasons set forth in the discussion section, infra. See Pitchess v. Davis, 421 U.S. 482 (1975)(motion for a *pre-trial* writ of prohibition does not exhaust state remedies). Bryan did not raise the equal protection violation or other allegations presented in Claim (1), however, so the remaining portions of that claim are unexhausted.

In Claim (5)(A), Bryan contends the trial court abused its discretion by denying defense counsel's request for an instruction on the common-law right to resist an unlawful arrest. Bryan exhausted this claim by raising it in Claim (2) of his initial brief on direct appeal. It will be addressed on the merits in the discussion section, infra.

As to the remainder of Bryan's claims, he raised them in his initial Rule 3.850 motion and his many amended motions in State court. When Bryan failed to comply with the court's order to either (a) show cause why his motion and its various amendments should not be dismissed or (b) file an amended motion of reasonable length within sixty days, it dismissed his motion. Accordingly those claims were not exhausted. See, e.g., Provenzano v. Singletary, 3 F.Supp.2d 1353, 1387 (M.D. Fla. 1997)(pleadings that were stricken

13

were unexhausted because they were not considered on the merits by the trial court or the Supreme Court, and were not presented to the highest court that had the power to hear them). By the time Bryan attempted to raise his claims for a sixth time on May 26, 2008, the trial court found his motion was time-barred. *See* (DE# 13-5 at 26)(dismissing as successive and time-barred). The Fourth District *per curiam* affirmed.

Independent and adequate grounds support the State court's application of a time-bar. First, the trial court clearly and expressly stated that its judgment rested on a procedural bar, which the District Court adopted through its *per curiam* affirmance. Harmon, 894 F.2d at 1273. Second, the state court's decision rested entirely on Florida procedural rules. Third, the procedural rule is firmly established and regularly followed and not applied in an arbitrary or unprecedented fashion. Bryan's conviction and sentence became final under Florida law upon the appellate court's issuance of the mandate on direct appeal on November 18, 2005. Beaty v. State, 701 So. 2d 856 (Fla. 1997). He had two years, until November 19, 2007, to file a motion for post-conviction relief in State court. Fla. R. Crim. P. 3.850(b). Bryan's May 26, 2008, Sixth Amended motion was filed well outside that time limit. He does not allege newly discovered evidence or any other exception to the two-year time limit applies. See Fla. R. Crim. P. 3.850(b). Indeed, he has been raising variations of these claims since 2006. Rule 3.850(b)'s time bar is firmly established, regularly followed, and was not applied to Bryan in an arbitrary or unprecedented fashion. See, e.g., Knowles v. State, 41 So. 3d 332 (Fla. 1st DCA 2010); Gusow v. State, 6 So. 3d 699 (Fla. 4th DCA 2009); O'Neill v. State, 6 So. 3d 630 (Fla. 2d DCA 2009); Leunne v. State, 981 So. 2d 1227 (Fla. 3d DCA 2008); De La Rosa v. State, 979 So. 2d 1089 (Fla. 3d DCA 2008); Gaskins v. State, 970 So. 2d 916 (Fla. 2d DCA 2007);

<u>Forisso v. State</u>, 968 So. 2d 677 (Fla. 4th DCA 2007).

Bryan contends procedural default should not apply because the State courts committed an array of errors and State procedural bar is not firmly established or regularly followed. However, these arguments fail for the reasons set forth in the foregoing analysis.

Next, he attempts to demonstrate "cause" for his procedural default by re-alleging his claims of ineffective assistance of trial counsel, Claims (1)-(6) of the instant petition. Ineffective assistance of counsel can constitute cause to excuse a procedural default of some other constitutional claim if it is both exhausted and not procedurally defaulted. <u>Edwards v. Carpenter</u>, 529 U.S. 446 (2000); <u>Murray</u>, 477 U.S. at 488("Ineffective assistance of counsel, then, is cause for a procedural default."). Here, the ineffective assistance of counsel which Bryan suggests constitutes "cause," are the same ineffective assistance claims he procedurally defaulted by failing to properly present them in State court. Accordingly, these claims are themselves procedurally defaulted and cannot demonstrate "cause." Therefore, the cause and prejudice exception to the procedural default rule does not apply.

Bryan also contends the actual innocence exception should excuse his procedural default. First, he makes a general claim of actual innocence, stating he is actually innocent of the offenses for which he was convicted and that, absent the errors identified in the petition, he would not have been convicted. (DE# 15 at 45). This conclusory and wholly unsupported statement fails to make a facially sufficient claim of actual innocence and should be rejected. Second, he makes a slightly more specific claim of actual innocence as to the stalking conviction. He claims he is actually innocent because the facts were insufficient to state a prima facie

case and that, had he known the State could not make a prima facie showing, he would not have entered his plea. Bryan does not identify any new evidence demonstrating he is factually innocent of the stalking to which he pled nolo contendere. This legal attack on the conviction does not raise a reasonable doubt that he actually committed the offenses at issue and that this Court's application of procedural default would result in a fundamental miscarriage of justice. See Justo v. Culliver, 317 Fed. Appx. 878 (11th Cir. 2008) (indictment deficiency was a mere legal insufficiency that did not raise a reasonable doubt about defendant's commission of offense to which he pled guilty); Rich v. Dep't of Corr., 317 Fed. Appx. 881 (11th Cir. 2008) (attack on legal sufficiency of state's evidence did not demonstrate factual innocence). Accordingly, the actual innocence exception does not excuse his procedural default.

A stay permitting Bryan to exhaust his unexhausted claims is not warranted because the claims would be procedurally barred in State court. As previously stated, Bryan's convictions and sentences became final under Florida law on November 18, 2005, when the mandate issued on direct appeal. The two-year time limit for seeking post-conviction relief has long expired. Any future Rule 3.850 motion would be time-barred absent an exception that is not evident in the instant case. See Fla. R. Crim. P. 3.850. Because there are no procedural avenues which would allow him to return to State court and exhaust his claims, they are procedurally defaulted from federal review. See Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999)(where state prisoner failed to raise a federal claim in state postconviction proceedings, and it is obvious the unexhausted claim would be procedurally barred due to a State-law procedural default, federal habeas court may foreclose petitioner's filing in State court); Collier v. Jones, 910 F.2d 770, 773 (11th Cir. 1990)(where dismissal to allow exhaustion of unexhausted

claims would be futile due to State procedural bar, claims are
procedurally barred in federal court as well). Because Bryan's
unexhausted claims may not form the basis of federal habeas relief,
it is not appropriate to stay this federal habeas corpus
proceeding. <u>See</u> <u>Rhines</u>, 544 U.S. at 269.

Bryan's claims are procedurally defaulted and he has failed to
demonstrate an exception applies. Accordingly, he is not entitled
to have his unexhausted claims reviewed on the merits.

<u>V. Discussion</u>

<u>Claim (1)</u>

Bryan argues the trial court violated due process by
dismissing his Rule 3.850 motion without addressing the claims on
the merits.

Federal habeas relief is available only to correct
constitutional injury. 28 U.S.C. §§ 2241(c)(3), 2254(a); <u>see</u>
<u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991) (holding errors that
do not infringe a defendant's constitutional rights provide no
basis for federal habeas corpus relief). "Mere errors of state law
are not the concern of this court ... unless they rise for some
other reason to the level of a denial of rights protected by the
United States Constitution." <u>Barclay v. Florida</u>, 463 U.S. 939, 958-
59 (1983) (citations omitted). Questions of state law and procedure
"rarely raise issues of federal constitutional significance,
because '[a] state's interpretation of its own laws provides no
basis for federal habeas corpus relief, since no question of a
constitutional nature is involved.'" <u>Tejada v. Dugger</u>, 941 F.2d
1551, 1560 (11th Cir. 1991) (quoting <u>Carrizales v. Wainwright</u>, 699
F.2d 1053, 1053-54 (11th Cir. 1983)).

17

There is no federal constitutional right to post-conviction review of a criminal conviction beyond a direct appeal. McKane v. Durston, 153 U.S. 684 (1894); see also Griffin v. Illinois, 351 U.S. 12 (1956); see also Coleman v. Thompson, 501 U.S. 722, 752 (1991); Murray v. Giarratano, 492 U.S. 1 (1989); Pennsylvania v. Finley, 481 U.S. 551, 556-557 (1987) (no federal constitutional right to post-conviction counsel). Therefore, Bryan's contention that the trial court made errors in his post-conviction proceedings fails to allege any federal constitutional infirmity. See, e.g., Roberts v. McDonough, 2008 WL 2782814 (S.D. Fla. July 16, 2008). Therefore, this claim is not cognizable for federal habeas review because it fails to state a federal constitutional claim even though it is couched in terms of due process. Branan, 861 F.2d at 1508; Willeford, 538 F.2d at 1198. Had Bryan properly raised his claims in a timely, facially sufficient, and properly filed Rule 3.850 motion, he would have received review of his claims on the merits. His failure to do so has resulted in the State court's application of a procedural bar and procedural default of his arguments in this Court. Federal habeas review of this state-law claim is unwarranted.

Claim (5)(A)

Bryan contends the trial court abused its discretion by denying his request for an instruction on the common-law right to resist an unlawful arrest. He argues the Fourth and Fifth Amendments gave him the right to walk away from officers because they lacked probable cause to arrest him and therefore they were not carrying out a legal duty. He denies he fled from or used any force against the officers until after they subjected him to excessive force by pointing their guns at him, shooting at him, hitting him on the head with a gun, and illegally arrested him.

Whether the requested jury instruction was available under Florida law is a non-cognizable state law question. See Erickson v. Sec'y, Dep't of Corr., 243 Fed. Appx. 524 (11th Cir. 2007) (habeas relief unavailable for claim that jury instruction was incorrect under state law); see also § 776.051(1), Fla. Stat. (1997) ("A person is not justified in the use of force to resist arrest by a law enforcement officer who is known, or reasonably appears, to be a law enforcement officer").

In such cases, courts on federal habeas review are constrained to determine only whether a challenged state jury instruction, viewed in the context of both the entire charge and the trial record, "so infected the entire trial that the resulting conviction violate[d] due process." Estelle, 502 U.S. at 72 (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)).

The court's denial of the instruction at issue did not violate due process. There is no federal constitutional right to resist an illegal arrest with force. See, e.g., United States v. Bailey, 691 F.2d 1009 (11th Cir. 1982) (common law right to resist an unlawful arrest has been greatly eviscerated, if not virtually abolished); United States v. Danehy, 680 F.2d 1311, 1315-16 (11th Cir. 1982) (common law right to resist arrest not based on probable cause has been sapped of its precedential value; some residual role for the common law right may remain where it appears an arresting officer is engaged in a "frolic of his own"). Therefore, to the extent Bryan argues he was justified in resisting officers because they were attempting to arrest him for violating an invalid restraining order, this argument fails.

Bryan's suggestion that he justifiably resisted the officers' use of excessive force also fails. Under Bryan's version of the

facts, officers tried to arrest him for violating a restraining order that was no longer in effect. When he tried to explain, the officer pushed him. Bryan said he would not go to jail and could produce paperwork regarding the restraining order; the officer reached for his gun. Bryan ran to get the paperwork from his car and held it out to the officer, who grabbed him and hit him on the head with his gun. Bryan got into his car, fled in his car and on foot, was chased by multiple officers and was ultimately arrested. See (DE# 1 at 15-17) (Bryan's statement of the case). The foregoing demonstrates the officer attempted to arrest Bryan before any physical contact occurred and used increasing levels of force in accordance to the resistance Bryan offered. He has failed to demonstrate the officers used excessive force under these circumstances. See Brown v. City of Huntsville, 608 F.3d 724, 737 (11th Cir. 2010) ("Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it;" level of force used must be objectively reasonable); see, e.g., Walker v. City of Orlando, 368 Fed. Appx. 955 (11th Cir. 2010) (officer responding to emergency call did not use excessive force against individual attending block party by striking him in the head, neck and back with a service rifle when he expressed reluctance to comply with the officer's orders to get on the ground); Harvey v. City of Stuart, 296 Fed. Appx. 824 (11th Cir. 2008) (officer did not use excessive force by tackling subject who fled and resisted efforts to handcuff him).

Under these circumstances, the trial court's decision to refuse the requested instruction did not render the trial so fundamentally unfair that it denied him due process.

<u>VI. Conclusion</u>

Based upon the foregoing, it is recommended that this petition for writ of habeas corpus be dismissed and this case be closed.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

SIGNED this <u>10th</u> day of February, 2011.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Ricardo Bryan, *pro se*
     DC# L00414
     Apalachee Correctional Institution
     35 Apalachee Drive
     Sneads, FL 32460

     Katherine McIntire, AAG
     Office of the Attorney General
     1515 North Flagler Drive
     Suite 900
     West Palm Beach, FL 33401-2299

21