UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-CV-61329-COHN/WHITE

RICARDO BRYAN,

    Petitioner,
v.

WALTER A. McNEIL,

    Respondent.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon the Report of Magistrate Judge [DE 18] ("Report"), submitted by United States Magistrate Judge Patrick A. White, regarding Ricardo Bryan's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 [DE 1] ("Petition"). Pursuant to 28 U.S.C. § 636(b)(1), the Court has conducted a *de novo* review of the record herein, including the Petition, the Report, and Mr. Bryan's Objections [DE 21] ("Objections"), and is otherwise fully advised in the premises.

### I.  BACKGROUND

Mr. Bryan was charged with aggravated battery (Count 1), aggravated fleeing and eluding (Count 2), aggravated assault on a law enforcement officer (Counts 3-4), leaving the scene of a crash with injuries (Counts 5-6), stalking (Count 7), and misdemeanor leaving the scene of a crash (Count 8). Mr. Bryan entered an open plea of *nolo contendre* to Counts 7 and 8 and was tried on the remaining charges. A jury found Mr. Bryan not guilty on Count 1 and guilty on Counts 2-5. Mr. Bryan filed a *pro se* motion to withdraw his plea. The trial court denied the motion to withdraw, adjudicated Mr. Bryan guilty of the appropriate counts, and sentenced him to thirty years for Counts

2-4 and ten years for Count 5, concurrent, as a habitual felony offender. Report at 3-4.

Mr. Bryan appealed his conviction and sentence. The District Court of Appeal of the State of Florida, Fourth District ("Fourth District") *per curiam* affirmed and the mandate issued on November 18, 2005. Pursuant to Rule 3.850(b) of the Florida Rules of Criminal Procedure, Mr. Bryan had until November 19, 2007, to file a motion for post-conviction relief.

Mr. Bryan filed a series of post-conviction motions and petitions for relief in state court. Mr. Bryan "filed his initial Motion for Postconviction Relief on July 6, 2006." See Order to Show Cause [DE 13-7 at 85]. On September 20, 2006, before the trial court had an opportunity to rule on that motion, Mr. Bryan filed his First Amended Motion for Postconviction Relief ("First Amended Motion"). Id. The First Amended Motion added sixty-one pages to the initial Motion for Postconviction Relief. Id. On December 4, 2006, before the trial court ruled on the First Amended Motion, Mr. Bryan filed a fifty-eight page Second Amended Motion for Postconviction Relief. Id. On April 30, 2007, Mr. Bryan filed his Third Amended Motion for Postconviction Relief, again before the trial court ruled on any of the prior motions. Id.

On September 12, 2007, Mr. Bryan filed his Fourth Amended Motion. Id. The Fourth Amended Motion consisted of ninety handwritten pages, raising the total number of pages in his filings above 200. Id. Accordingly, the trial court ordered Mr. Bryan to show cause why his motion and its various amendments should not be dismissed for abuse of the reasonable page limit or file a response or amended motion of a

reasonable length not to exceed fifty pages.[1]  Id. at 86.

Mr. Bryan responded by filing a 115-page document entitled "Defendant's Response and 5th Amended Motion for Postconviction Relief and Request to have 60 days to Respond to State's Response."  See Order Dismissing Defendant's 5th Amended Motion for Postconviction Relief and Request to Have 60 Days to Respond [DE 13-3 at 43] ("Order Dismissing Fifth Amended Motion").[2]  Based on Mr. Bryan's failure to either show cause why his Fourth Amended Motion should not be dismissed for abuse of the reasonable page limit requirement, or state his claims in an amended motion of not more than fifty pages, the trial court dismissed the Fifth Amended Motion. Id.

Although the Order Dismissing Fifth Amended Motion does not explicitly state that it dismissed the fifth amended motion with prejudice, the circuit judge informed

---

[1] Although there is no statutory rule limiting the page length of a Rule 3.850 motion, the Order to Show Cause specifically referred to Schwenn v. State, 958 So. 2d 531 (Fla. Dist. Ct. App. 2007).  DE 13-7 at 85-86.  In Schwenn, the Fourth District held that "a trial court has authority to place reasonable page limitations on such filings."  Schwenn, 958 So. 2d at 532.  Indeed, "a trial court has discretion to impose a page limit for Rule 3.850 motions and that "[t]he proper procedure is to order the movant to show cause why the motion should not be dismissed for abuse of reasonable page limit or to dismiss the motion without prejudice to amend."  Id. at 533.  The Schwenn court also cited to a Florida Supreme Court decision that agreed that Florida Rule of Appellate Procedure 9.210(a)(5) could "serve as a reasonable benchmark from which a district court could derive its fifty page limit."  Id.; see also Marc v. State, 46 So. 3d 1045, 1046 (Fla. Dist. Ct. App. 2010) ("We remind circuit courts that, when faced with an excessive motion, they may dismiss the motion with leave to amend or issue an order to show cause why the motion should not be dismissed without prejudice.").

[2] Mr. Bryan alleges in his Petition that the Rule 3.850 motions preceding his Fifth Amended Rule 3.850 Motion are pending.  Petition at 6 ¶ 2.  However, in the Fifth Amended Rule 3.850 Motion, Mr. Bryan states that "the court does not have to review the other motions because this is the motion Bryan Relying [sic] on."  DE 13-2 at 3 ¶ 5.

Defendant that he had thirty days to appeal the order.  See id. at 44.  Mr. Bryan appealed the Order Dismissing Fifth Amended Motion and the Fourth District *per curiam* affirmed the circuit judge's ruling.  See Bryan v. State, 984 So. 2d 1261 (Fla. Dist. Ct. App. 2008).  The mandate issued on July 18, 2008.  See DE 13-3 at 46.

Notwithstanding his appeal, Mr. Bryan filed a Sixth Amended Motion for Post-Conviction Relief.  See DE 13-3 at 48 ("Sixth Amended Motion").  The circuit court dismissed the Sixth Amended Motion as time-barred and successive and ordered Mr. Bryan to show cause why he should not be barred from further pro se filings.  See DE 13-4 at 14.  Once again, the Fourth District affirmed.

Likewise, Mr. Bryan filed a Seventh Amended Motion for Post-Conviction Relief.  DE 13-4 at 53 ("Seventh Amended Motion").  The court denied the Seventh Amended Motion as successive.  See DE 13-5 at 22.  Again, the Fourth District affirmed.  Bryan v. State, 36 So. 3d 683 (Fla. Dist. Ct. App. 2010).

Thereafter, Mr. Bryan filed his Petition.  On February 10, 2011, Judge White filed his Report wherein he construed the Petition to raise ten claims.  Report at 2-3.  After a thorough analysis of the state proceedings and each claim, Judge White recommended that the Court dismiss the Petition.  On March 17, 2011, Mr. Bryan filed his Objections.  After a *de novo* review, the Court concludes that it should dismiss the Petition.

## II.  DISCUSSION

### A. Procedural Default

A procedural default bar in federal court can arise in two ways: (1) when a petitioner raises a claim in state court and the state court correctly applies a procedural

default principle of state law; or (2) when the petitioner never raised the claim in state court, and it is obvious that the unexhausted claim would now be procedurally barred in state court. Bailey v. Nagle, 172 F.3d 1299, 1302-03 (11th Cir. 1999). Here, the Fourth District Court of Appeal *per curiam* affirmed the circuit court's rulings based on a procedural default. Consequently, the claims that Mr. Bryan raised in his Fifth Amended Motion cannot be considered by the federal courts. Harmon v. Barton, 894 F.2d 1268, 1273 (11th Cir. 1990).

Mr. Bryan contends that the page limitation imposed on him is a procedural rule applied to him in an arbitrary and unprecedented fashion. Mr. Bryan, however, has no support for that conclusory allegation. As set forth above, the circuit court cited an appellate court opinion that announced the procedural rule. Stated differently, Mr. Bryan has failed to show that the claims he raised in his Fifth Amended Motion were not procedurally defaulted. Nonetheless, the Court will address the only two claims that Mr. Bryan fully exhausted in state court.

## B. Due Process Claim

Mr. Bryan believes that he is entitled to a review of the merits of his claims. According to Mr. Bryan, he is prejudiced "in that the Court has never ruled on the merits of the claims; has left the initial motion up to the Fourth Amendment, pending in the Court, and has barred Petitioner from filing any other *pro se* motion in this case." Petition at 6. Nonetheless, "[h]ad Bryan properly raised his claims in a timely, facially sufficient, and properly filed Rule 3.850 motion, he would have received review of his

5

claims on the merits."[3]  Report at 18.

Judge White liberally construed the Petition to allege that the trial court violated Mr. Bryan's constitutional right to due process by dismissing his Rule 3.850 motion without addressing the claims on the merits.  Report at 17.  Even if a Florida trial court made errors in Mr. Bryan's post-conviction proceedings, such errors do not necessarily rise to the level of deprivations of constitutional rights.  Indeed, there is no federal constitutional right to post-conviction review of a criminal conviction beyond a direct appeal.  McKane v. Durston, 153 U.S. 684 (1894).  Because Mr. Bryan's allegations of trial court errors do not rise to the level of a federal constitutional injury, Mr. Bryan cannot obtain habeas relief.

## C. Jury Instruction

Mr. Bryan alleges that the trial court abused its discretion by denying his defense counsel's request for an instruction on the common law right to resist an unlawful arrest.  Petition at 29; Objection at 18-22.  Mr. Bryan raised this claim in the direct appeal of his

---

[3]  As set forth above, Florida law supports the page requirement imposed on Mr. Bryan.  Nonetheless, Mr. Bryan chose to file an amended motion more than double the allowed length.  Mr. Bryan was not entitled, as a matter of constitutional law, to multiple opportunities to comply with the court's order in his motions for post-conviction relief.  Indeed, Mr. Bryan cites no authority that suggests otherwise.

Regarding Mr. Bryan's sixth and seventh amended Rule 3.850 motions, Mr. Bryan appears to argue that he was entitled to file the sixth and seventh Rule 3.850 motions because the trial court should have allowed him to amend his Fifth Amended Rule 3.850 Motion prior to its dismissal.  Objections at 5-8.  However, pursuant to the Order to Show Cause, the trial court had already given Mr. Bryan the opportunity to avoid dismissal by filing an amended Rule 3.850 motion that would comply with the page limitation.  When Mr. Bryan failed to avail himself of that opportunity, the court dismissed his Fifth Amended Motion with prejudice.  The Sixth and Seventh Amended Motions were therefore denied as successive and time-barred.

conviction and sentence and therefore was an exhausted claim.  Report at 13.

The trial court's denial of the jury instruction did not violate federal due process. Report at 18-21.  In the absence of a federal constitutional right to resist an illegal arrest with force, Judge White examined the factual circumstances surrounding Mr. Bryan's arrest and concluded that the trial court's decision to deny the requested jury instruction did not render the trial so fundamentally unfair that it denied Mr. Bryan due process. Report at 19-20.  The undersigned agrees.

### D.  Request for a Hearing

In his Objections, Mr. Bryan requests an evidentiary hearing but fails to specify any facts that are in dispute.  Objections at 41.  The Court, therefore, need not hold an evidentiary hearing.

### III.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Report of United States Magistrate Judge Patrick A. White [DE 18] is **ADOPTED**;
2. Mr. Bryan's Objections [DE 21] are **OVERRULED**;
3. Mr. Bryan's Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254 [DE 1] is **DISMISSED**; and
4. The Clerk shall **CLOSE** this case and **DENY** all pending motions as **MOOT**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 9th day of May, 2011.

*[signature]*
JAMES I. COHN
United States District Judge